## STATE v. EVANS.

1. Defendant was convicted under an indictment that alleged a burglary in " a gin-house, situate within the curtilage of the dwelling-house." *Held,* that judgment should be arrested, because the indictment failed to allege that the gin-house was within two hundred yards of the dwelling-house and appurtenant to it, two averments that were essential under the statute. *Gen. Stat.* of 1882, § 2483.
2. And the defendant having been tried, convicted and sentenced for statutory burglary, the conviction cannot be referred to the indictment as sufficiently charging the higher offense of burglary at common law.

---

Before ALDRICH, J., Abbeville, February, 1882.

The opinion states the case.

*Mr. T. P. Cothran,* for appellant.

*Mr. Solicitor Orr,* contra.

October 21st, 1882. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. George Evans was convicted of burglary and sentenced to three years in the penitentiary under an indictment in the following terms : " That George Evans, late of the county and State aforesaid, on February 7th, 1882, with force and arms, at Abbeville court house, in the county

and State aforesaid, in the night-time of the same day, the dwelling-house; that is to say, the gin-house, situate within the curtilage of the said dwelling-house of one James D. Fooshe, in the county and State aforesaid, feloniously and burglariously did break and enter," &c. The testimony showed that the gin-house was eighty yards from the dwelling-house of J. D. Fooshe, within the common enclosure; was used for storing cotton in the seed and ginning, and as a shelter for his stock; and was an appurtenance of the dwelling-house.

Upon being arraigned for sentence, the defendant made a motion in arrest of judgment upon the following grounds: 1. "That the indictment was fatally defective in not alleging that the gin-house, the subject of the burglary, was within two hundred yards of the dwelling-house of the prosecutor. 2. That the indictment was fatally defective in not alleging that the said gin-house was an 'appurtenant' to the dwelling-house of the prosecutor." The motion was refused. He now appeals to this court, and renews the motion upon the grounds stated.

It appears that the evidence brought the case within the definition of burglary under the statute, so far as the subject of it was concerned, for the gin-house was shown to be within eighty yards of the dwelling-house of the prosecutor. The question, however, is not as to the facts proved, but as to the sufficiency of the allegations in the indictment. "An indictment is the complaint of the State against the accused. It should charge some offense cognizable by the court, and this offense, whatever it may be, should be clearly and distinctly set forth. The crime charged should be described with certainty, for no latitude of intention will be allowed to include anything more than is expressed." *State* v. *McKettrick,* 14 *S. C.* 353. Nor can the evidence supplement the statements of the indictment. "Every indictment must contain and set forth all the necessary ingredients of an offense, and no omission, in such statements, can be supplied by innuendo or evidence." *State* v. *Henderson,* 1 *Rich.* 184. "In setting out an offense against a statute, the defendant must be brought within all the material words of the statute, and nothing can be taken by intendment." *State* v. *O'Bannon,* 1 *Bailey* 144.

It is true that it is not necessary to set out the very words of the statute; but, according to these principles as to the particularity required in criminal proceedings, we do not think that the indictment was sufficient under the statute, which is as follows: " With respect to the crimes of burglary or arson, and to all criminal offenses, which are constituted or aggravated by being committed in a dwelling-house, any house, out-house, apartment, building, erection, shed or box, in which there sleeps, &c., * * * shall be deemed a dwelling-house; and of such a dwelling-house, and of any other dwelling-house, *all houses, out-houses, buildings, sheds and erections, which are within two hundred yards of it, and are appurtenant to it,* or to the same establishment of which it is an appurtenance, shall be deemed parcels." *Gen. Stat.* 1882, § 2483.

This statute was intended to enlarge the field within which burglary could be committed, but in doing so it required two things as essentially necessary to constitute the new statutory offense; the out-house in which the offense is committed must be within two hundred yards of the dwelling-house. and appurtenant to it. Neither of those ingredients of crime were alleged in this indictment, and, therefore, it was not good under the statute. The indictment containing no such allegations, proof upon these points was inadmissible.

But it is insisted that the terms of the indictment, even if not full enough under the statute, are sufficient to sustain a conviction for burglary at common law, inasmuch as it charges the offense to have been committed " in a gin-house situate within the curtilage of the dwelling-house," which fulfills the definition of burglary at common law, viz., " the breaking and entering the dwelling-house of another, &c., and the term dwelling-house includes all out-houses contiguous to the dwelling and parcel thereof, if within the curtilage." *State* v. *Sampson*, 12 *S. C.* 567.

This court has held that the act of 1866, re-enacted in the general statutes, enlarged the limits within which burglary might be committed, but did not repeal the common law offense, and also that it was not repealed by the act of 1878, which increased its punishment. *State* v. *Branham*, 13 *S. C.* 389.

But it may be a question whether the statute, which does not use the word " curtilage " at all, and seemingly in lieu thereof made a new provision as to burglary, so far as out-houses are concerned (in requiring that they must be within two hundred yards of the dwelling-house and appurtenant thereto) did not repeal as inconsistent with· that provision so much of the common law offense as relates to " curtilage," or to out-houses which may or may not fall within it, leaving the common law offense of burglary still in existence, but limited to the single case of being committed in the dwelling-house. This question was suggested, but not argued before us, and we make now no ruling on it.

Assuming that the common law offense still exists unimpaired as to out-houses within the curtilage, as it did prior to the act of 1866, and this could be considered as an indictment under it, the indictment does not charge that the gin-house was " contiguous " to and " parcel " of the dwelling-house, only that it " was situate within the curtilage of the dwelling-house," making it necessary to institute the inquiry, whether a gin-house eighty yards from the dwelling-house, and used for ginning cotton and sheltering stock, was within the curtilage, a term which, although often defined, seems still to lack certainty. It was long ago held in this State that " a house to be parcel of the mansion-house, must be somehow connected with or contributory to it, such as a kitchen, smoke-house or such other as is usually considered as a necessary appendage of a dwelling-house. It cannot embrace a store, blacksmith shop, or any other building separate from it and appropriated to another and a distinct use." *State* v. *Ginns*, 1 *N. & McC.* 585.

It is not necessary in this case, however, to make any such inquiry. The case was tried as one under the statute. Judge Aldrich reports that "it was an indictment under the statutory provision punishing as burglary the breaking and entering any house within two hundred yards of the dwelling-house and appurtenant thereto," and the punishment imposed—three years in the penitentiary—shows conclusively that he so regarded it ; for if the defendant had been convicted of burglary at the common law, the punishment, under the statute of 1878, could not

have been less than imprisonment "in the penitentiary with hard labor during the whole life of the prisoner." The defendant having been tried for the offense of burglary under the statute, and never having had an opportunity to defend himself as against the common law offense, the conviction, not sustained under the former, cannot be referred to the indictment as sufficiently charging the latter offense. As we understand it, burglary at common law is a different offense from burglary under the statute, is considered of higher grade and is punished much more severely.

The judgment of this court is that the judgment of the Circuit Court be reversed and the judgment arrested.