THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Laurtrent M.
 Montgomery, Appellant.
 
 
 

Appeal from Lancaster County
 Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2008-UP-602
 Submitted September 1, 2008  Filed
November 3, 2008

AFFIRMED

 
 
 
 Katherine H. Hudgins, Appellate Defender, South Carolina
 Commission on Indigent Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Harold M. Coombs, Jr., Office of the Attorney
 General, of Columbia for Respondent; and Solicitor Douglas A. Barfield, Jr., of
 Lancaster, for Respondent.
 
 
 

PER CURIAM:  Laurtrent M. Montgomery appeals his
 conviction for second-degree burglary, arguing the trial court erred in failing
 to dismiss the charge on double jeopardy grounds.  We affirm.[1]
FACTS AND PROCEDURAL HISTORY
Montgomery was accused of breaking and entering into a home and
 an adjacent shed located nearby on the same property.  He was charged with
 first-degree burglary for entering the house and second-degree burglary for
 entering the shed.  At trial, Montgomery moved to have the second-degree
 burglary charge dismissed arguing the double jeopardy clause prevented him from
 receiving multiple punishments for the same offense.  Montgomery contended that
 under section 16-11-10 of the South Carolina Code (2003), the house and the
 shed constituted one parcel.  Therefore, he argued he should only be charged
 with the single charge of first-degree burglary.  The trial court denied the
 motion.  This appeal followed.
LAW/ANALYSIS
Montgomery argues that under section 16-11-10 of the South
 Carolina Code (2003), the house and the shed constituted one parcel. 
 Therefore, the act of breaking into the house and the shed constituted one
 offense.  Under the theory of double jeopardy, he could not be given multiple
 punishments for one offense.  We disagree.  
Section
 16-11-10 provides:

 With
 respect to the crimes of burglary and arson and to all criminal offenses which
 are constituted or aggravated by being committed in a dwelling house, any
 house, outhouse, apartment, building, erection, shed or box in which there
 sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there
 with a view to the protection of property shall be deemed a dwelling house, and
 of such a dwelling house or of any other dwelling house all houses, outhouses,
 buildings, sheds and erections which are within two hundred yards of it and are
 appurtenant to it or to the same establishment of which it is an appurtenance
 shall be deemed parcels.

To
 adopt Montgomerys interpretation of the statute strains the bounds of
 reasonableness.  The statute does not indicate that a dwelling house and a shed
 or other appurtenance constitute one unit with regard to the crime of
 burglary.  The statue merely indicates that such appurtenances are considered
 dwellings in the same manner that a house is considered a dwelling.  Therefore,
 if a defendant is accused of breaking into such a structure, he can be charged
 with breaking into a dwelling.
State
 v. Evans, 18 S.C. 137 (1882),
 discussed the former version of this statute which made appurtenant structures dwellings. 
 The supreme court stated that the statute was intended to enlarge the field
 within which burglary could be committed.  Id.  That seems to be the
 consistent purpose of treating sheds, garages, porches and other appurtenant
 structures as dwellings.  There is no indication in the current statute to
 suggest the legislature meant to somehow contract the field within which
 burglary may be committed by making nearby structures and homes one indivisible
 unit.
  
 Furthermore, section 16-11-310 of the South Carolina Code (2003) states that
 [w]here a building consists of two or more units separately occupied or
 secured, each unit is deemed both a separate building in itself and a part of
 the main building.  Under this statute, a single building can be the site of
 multiple burglaries provided there are separately secured units within the
 building.  If that is the case, it would be illogical to assume section
 16-11-10 intended to make two free-standing, separately-secured structures a
 single building for purposes of the burglary statute.
Based
 on all of the foregoing, the ruling of the trial court is
AFFIRMED.

Anderson, Williams,
 and Konduros, JJ., concur.

[1] This case was decided without oral argument pursuant
 to Rule 215, SCACR.